```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-14401-CIV-MOORE
                              MAGISTRATE P. A. WHITE

NAZARO BRUNO,                :

       Petitioner,           :

v.                           :     REPORT OF
                                   MAGISTRATE JUDGE
WALTER A. MC NEIL,           :

       Respondent.           :
_____
```

　　Nazaro Bruno, a state prisoner confined at Okeechobee Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentence entered in Case No. 00-1479CF in the Circuit Court of the Nineteenth Judicial Circuit, in and for, St. Lucie County, Florida.

　　This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

　　For its consideration of this petition and memorandum of law, the Court has the respondent's response to an order to show cause with exhibits and the petitioner's response to court's order for petitioner to respond to limitations period.

　　Bruno raises the following ground for relief.

1) He was denied effective assistance of counsel where his lawyer:

   a) failed to investigate and interview alibi witnesses.

   b) failed to request a continuance of trial.

   c) coerced the defendant not to testify in his own

      defense.

    d) abandoned a pending motion to suppress.

    e) failed to move for a new trial.

    f) failed to investigate a prospective expert witness.

(See [D.E. 1]).

## PROCEDURAL BACKGROUND

The pertinent procedural history is as follows. On August 11, 2000, Bruno was charged by information with on count of car jacking and one count of false imprisonment. (See [D.E. 13, Ex. 1]). Following a jury trial, Bruno was convicted and, on February 21, 2001, was sentenced to thirty years imprisonment as to count one and five years imprisonment as to count two. (See [D.E. 13, Ex. 4]).

On August 24, 2001, Bruno filed his direct appeal to the Fourth District Court of Appeal of Florida. His appeal argued two grounds. The first ground was that the trial court abused its discretion by overruling an objection to the prosecutor's "straw-man" closing argument. (See [D.E. 13, Ex. 6]). The second ground was that the trial court erred in denying a motion to correct a sentencing error. (See [D.E. 13, Ex. 6). On May 1, 2002, his conviction and sentence were affirmed on the authority of Hall v. State, 767 So. 2d 560 (Fla. 4th DCA 2000). See Bruno v. State, 814 So.2d 1231 (Fla. 4th DCA 2002). On May 2, 2002, Bruno filed a Motion to Stay Mandate pending the Supreme Court's decision in Hall v State, supra which was granted. (See [D.E. 13, Ex. 8]). On November 5, 2002, mandate issued. (See [D.E. 13, Ex. 9]). On December 20, 2002, Bruno filed a pro se Petition for Discretionary Review to the Florida Supreme Court. (See [D.E. 13, Ex. 10]). On June 21, 2006, the Florida Supreme Court declined jurisdiction and Bruno's petition was denied. (See [D.E. 13, Ex. 11]).

Meanwhile, on July 16, 2004, Bruno filed a pro se post-conviction motion pursuant to Fla.R.Crim.P. 3.850 in the Nineteenth Judicial Circuit, in and for, St. Lucie County, Florida. (See [D.E. 13, Ex. 12]). On November 10, 2005, the trial court held an evidentiary hearing on Bruno's post-conviction motion. (See [D.E. 13, Ex. 15]). On December 15, 2005, the trial court denied Bruno's post-conviction motion. (See [D.E. 13, Ex. 16]). On April 7, 2006, Bruno appealed the denial of his post-conviction motion to the Fourth District Court of Appeals of Florida. (See [D.E. 13, Ex. 18). On September 1, 2006, the denial of Bruno's post-conviction motion was per curiam affirmed (See [D.E. 13, Ex. 19]). On September 20, 2006, mandate issued. (See [D.E. 13, Ex. 20]).

Thereafter, on December 13, 2007, the instant habeas corpus petition was filed with the Court. [1]

## ANALYSIS

The respondent correctly argues that the petition is time barred under § 2254. (See [D.E. 12] at 8). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[2] This

---

[1] The instant petition was initially filed in the Middle District of Florida but was transferred to the Southern District of Florida on December 27, 2007. [D.E. 5].

[2] The statute provides that the limitations period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

3

period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[3] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

The judgment of conviction and sentence in the instant case became final at the latest on July 29, 2002, ninety days after the convictions and sentences were affirmed on direct appeal.

---

      for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[3] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

4

Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)(holding that when a petitioner is entitled to file a petition for a writ of certiorari in the United States Supreme Court, the statute of limitations under 28 U.S.C. §2244(d) does not begin to run until this 90-day window has expired). See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987)(holding that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied); Supreme Court Rule 13.1 (providing that a petition for writ of certiorari must be filed within 90 days of the date of the entry of the judgment by a state court of last resort).

Thereafter, Bruno filed several proper applications for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim. (See [D.E. 13]). These applications would have tolled the limitations period. However, giving Bruno the benefit of the doubt and assuming that the that statute started to run from the denial of his last application for State post-conviction relief or other collateral review, the final pending post conviction motion filed by Bruno was denied by the Fourth District Court of Appeal and mandate issued on September 20, 2006. (See [D.E. 13, Ex. 20]). In accordance with §2254(d)(1), Bruno had 365 days from September 20, 2006, in which to file the instant petition. Bruno did not do so.  This belated petition was not filed until December 17, 2007. (See [D.E. 1]).

Since this federal petition for writ of habeas corpus challenging the instant convictions was not filed until December 13, 2007, well-beyond one year after the date on which the conviction and sentence became final and his post-conviction

5

motions resolved, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(2).

Petitioner asserts, in his response to the Court's Order for Petitioner to Respond to Limitations Period, "rare and exceptional circumstance[s]" occurred which would allow for "discretionary equitable tolling". (See [D.E. 11] at 2). Petitioner is wrong.  See Holland v. Florida, 2008 WL 3823706 (11th Cir. Aug. 18, 2008)("[T]his Court has said repeatedly that even attorney negligence is not a basis for equitable tolling.") The "rare and exceptional circumstance alleged by Bruno is "in spite of several attempts in writing to check on the status of the appeal and months after all the briefs were filed, the attorney failed to respond (assuming no problems occurred with mailing).  The petitioner is not entitled to equitable tolling on these allegations of attorney negligence.

Further, in January 2008, petitioner alleged he contacted a friend, Scott Rodriguez, "to ask for help in quickly determining the status of his appeal." ([D.E. 11] at 1-2).  However, Bruno's belated attempt to determine the status of his appeal is not a "rare and exceptional circumstance" which warrants equitable tolling.

The Eleventh Circuit Court of Appeals has previously held "[t]o be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control. Wiggins v. Thompson, 197 Fed.Appx. 822, 824 (11th Cir. 2006)(citing Drew v. Dept.of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002)).  "The petitioner is charged with the burden of establishing that equitable tolling should apply." Id. at 824.

6

While Bruno argues he attempted to check on the status of his appeal but got no response from his attorney (he provides no record evidence of this assertion); he also provides an affidavit from a Scott Rodriguez swearing that Bruno contacted him in February 2008, to assist in determining the status of his appeal. (See [D.E. 11] at 4).  However, by February 2008, the statute of limitations for the filing of the instant petition had already expired.  Unfortunately for Bruno, this affidavit simply illustrates that Bruno had means of checking the status of his appeal but failed to timely exercise diligence in ascertaining the status.  More than seventeen months passed from the Fourth District Court of Appeal's decision until his friend's inquiry. This is was a lack of diligence on Bruno's part and the Court determines that Bruno is not entitled to equitable tolling of the limitations period. See id. at 824.(citing Drew v. Dept. of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002); see also, Bell v. Dept. of Corr., 248 Fed.Appx. 101 (11th Cir. 2007)("If a petitioner cannot establish due diligence, we need not consider whether extraordinary circumstance existed".)

Accordingly, as correctly asserted by the respondent, the instant petition is untimely and is barred by the applicable limitations period. See 28 U.S.C. §2244(d). See also Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2000)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

**CONCLUSION**

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 18th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Nazaro Bruno, Pro Se
Okeechobee Correctional Institution
3420 N.E. 168th Street
Okeechobee, FL 34972

Mitchell A. Egber
Assistant Attorney General
Office of the Attorney General
1515 North Flagler Drive
Ninth Floor
West Palm Beach, FL 33401